```
 1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3      IGNITE USA, LLC,                )
                                        )
 4                      Plaintiff,      )
                                        )
 5      -vs-                            )  Case No. 16 CV 01929
                                        )
 6      PACIFIC MARKET INTERNATIONAL,   )  Chicago, Illinois
        LLC,                            )  May 6, 2016
 7                                      )  9:54 AM
                        Defendant.      )
 8                                      )
                                        )
 9
                       TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE ELAINE E. BUCKLO

11      APPEARANCES:

12      For the Plaintiff:       SEYFARTH SHAW LLP
                                 BY:  MR. PATRICK T. MUFFO
13                               131 S. Dearborn Street
                                 Suite 2400
14                               Chicago, IL 60603

15
        For the Defendant:       CARPENTER LIPPS & LELAND LLP
16                               BY:  MR. JOSH GOLDBERG
                                 180 N. LaSalle Street
17                               Suite 2640
                                 Chicago, IL 60601
18

19
        Court Reporter:
20
                 SANDRA M. TENNIS, CSR, RPR, RMR, FCRR
21                      Official Court Reporter
                       United States District Court
22          219 South Dearborn Street, Room 2260
                     Chicago, Illinois  60604
23             Telephone:   (312) 554-8244
                 sandra_tennis@ilnd.uscourts.gov
24

25
```

1    (Proceedings heard in open court:)
2    THE CLERK: 16 C 1929, Ignite USA LLC versus
3    Pacific Market International, LLC, scheduling conference.
4    MR. MUFFO: Good morning, your Honor. Patrick
5    Muffo on behalf of defendant Pacific Market International.
6    THE COURT: Good morning.
7    MR. GOLDBERG: Good morning, your Honor. Josh
8    Goldberg on behalf of the plaintiff.
9    THE COURT: Good morning. At least as of
10   yesterday, no scheduling order had been filed.
11   MR. GOLDBERG: Yeah, we just made service, your
12   Honor, May 2nd. Counsel appeared May 4th. This is -- there
13   are a number of patents and products at issue between the
14   parties in multiple cases. And there has been ongoing
15   settlement discussions that are broken down, so we just
16   served the complaint --
17   THE COURT: Oh, I see.
18   MR. GOLDBERG: -- only days ago. So no 26(f)
19   conference yet. No report.
20   THE COURT: Okay.
21   MR. GOLDBERG: But we're ready to go.
22   MR. MUFFO: And, your Honor, PMI, the defendant in
23   this case, would request additional time to respond to the
24   complaint. We intend to file for inter partes review of the
25   patent in suit so that the validity of the patent be

1  adjudicated by the patent office for that fairly new
2  procedure.  And after filing and petitioning for inter partes
3  review, we would move this Court to stay the case, pending
4  resolution of the IPR so that we don't have two cases
5  proceeding sort of parallel to one another.  Those stays are
6  routinely granted.  So we just don't want this case to
7  proceed too far down the line before we are able to file that
8  petition for inter partes review before the patent office.
9            MR. GOLDBERG:  If I may, your Honor?
10           THE COURT:  Yes.
11           MR. GOLDBERG:  It seems to me that the deadline of
12 20 days should be the deadline.  This has been -- we've had
13 discussions with PMI.  The parties have been in discussions
14 since January.  We gave them our claims in January.  We gave
15 them our complaint the day after it was filed, February 4th.
16 There were discussions in March where they told us why they
17 thought we were wrong.
18           You know, if you give them 20 days to answer,
19 they'll file, if they will, you know, their IPR and they will
20 seek their stay motion.  If you give them 30 days or 60 days,
21 that's what they'll do.  I say, you know, give them -- let's
22 keep it at 20 days.  If they want to file the stay, they'll
23 seek the stay.  They shouldn't, you know, get a self-imposed
24 date.
25           THE COURT:  You said there are numerous cases

1  involving the same patent?

2  MR. GOLDBERG: Not the same patents, some of the
3  same products. There is a case in front of Judge Wood, there
4  is a case in front of Judge Ellis and there is a case in
5  front of Judge Chang. The case in front of Judge Chang is a
6  2014 case that started the settlement discussions. There was
7  an IPR review there. And some of the claims were undermined
8  and it was sent back for litigation. And there has been
9  ongoing settlement discussions. But it has been going on for
10 a long time. And, frankly, my client would like to now move
11 forward.

12 THE COURT: I understand that. I'm not sure that
13 this procedure is beneficial. It does seem like it delays
14 cases.

15 MR. GOLDBERG: I couldn't agree more, your Honor.

16 MR. MUFFO: And, your Honor, yesterday, for
17 example, we appeared before Judge Wood. And Judge Wood
18 agreed to allow us until June 30th to respond to the
19 complaint and then, in order to sort of hold our feet to the
20 fire, had a scheduling conference scheduled after that so
21 that she could obtain more information regarding the status
22 of not only our petition for the patent office but also
23 Ignite. I don't want to put words in anyone's mouth, but
24 they intend also to reassign these cases to Judge Chang
25 because Judge Chang has the lead case, as we've been

1    referring to it.
2             MR. GOLDBERG:  Just to add, Judge Ellis, I don't
3    know if it was the day before or the day after, only gave
4    them until June 10th.  So there is a wide variety of
5    discretion being exercised across the courthouse.
6             THE COURT:  How would these get reassigned?  You
7    said they involve different patents?
8             MR. GOLDBERG:  Different patents.  There are -- I
9    don't --
10            THE COURT:  Same parties?
11            MR. MUFFO:  I can speak to that.
12            MR. GOLDBERG:  Same parties.
13            MR. MUFFO:  Same parties.  The lead case -- we call
14   it the lead case because it's the first filed case, very
15   different cases.  The lead case before Judge Chang involves
16   one patent.  There are three other cases that were served on
17   May 2nd involving three different patents.  Of the four
18   cases, there are three patents that are in the same patent
19   family and a fourth patent that is fairly independent and
20   relates to different products.  So there are different cases,
21   different patents, different products and, unfortunately,
22   different matters, different judges.  They are different.
23            To speak to the issue before Judge Ellis, that is
24   correct, Judge Ellis gave us until June 10th.  We determined
25   and made the decision to file for inter partes review after

1  that status hearing.  So the argument and the position that
2  we would like until June 30th to respond to the complaint,
3  due to the IPR being filed and to have a bit of a time to
4  file the IPR, that position was not before Judge Ellis.
5        THE COURT:  So you're saying you hadn't done
6  anything about filing the IPR so far because of settlement
7  discussions?
8        MR. MUFFO:  That's not entirely correct.  We have
9  analyzed the prior arts and looked at the claims and done a
10 lot of the more substantive work, frankly, in preparing to
11 file this IPR petition.  With four patents, that certainly
12 takes time.  And we have to do a prior art search.  You have
13 to compare them against each of the claims.  It takes a lot
14 of time and it's a pretty laborious process.  So to say we're
15 starting from scratch, no, we're definitely not starting from
16 scratch.
17       THE COURT:  I assume they've written you letters,
18 and things, before this ever got to a complaint being filed.
19       MR. MUFFO:  The complaints were handed to us during
20 a meeting in, I believe it was around three months ago, here
21 in Chicago.  Literally handed to us physically.
22       THE COURT:  So why were there four separate cases
23 to begin with?  Although, the one I could see, if it involves
24 a completely different product as well as a different patent.
25 That isn't this one; right?

1        MR. GOLDBERG: That is not this one, your Honor.
2    There is -- I believe all three other cases involve something
3    called a Pinelli patent, which is -- or Pinelli patents,
4    which is three patents for one product. I believe this is a
5    different product. This is a seven-page, 22-paragraph
6    complaint. The first 12 paragraphs are parties and
7    jurisdiction. I just don't see any reason why we can't get
8    an answer; and he can file his IPR and get his stay. That
9    certainly can happen, if it happens. But I don't see any
10   reason to slow down. And they're not --
11       THE COURT: I do think that they --
12       MR. GOLDBERG: We don't know about --
13       THE COURT: Sometimes these things do appear to be
14   used for delay. I'll compromise. I'll give you a month. So
15   I'll give you until June -- slightly more. I'll exactly
16   compromise. I'll make it June 17th. You file your answer by
17   then, and you file -- and if you're filing -- I suppose I
18   can't tell you when you have to file that, but I guess a week
19   later. If you haven't moved for a stay on the ground that
20   you have filed this, then I want to continue a scheduling
21   conference.
22       Okay. I guess you do have a lot to do. Of course,
23   if you're going to get them all transferred to Judge Chang,
24   you need to move before him.
25       MR. GOLDBERG: I don't know if we're doing that.

1  Counsel represented, that's something we've discussed.  I
2  don't know if we're doing that.
3          THE COURT:  And I don't --
4          MR. GOLDBERG:  That's still being discussed.
5          THE COURT:  I don't know how he would feel.  But,
6  if so, then obviously he will determine what dates and what
7  procedure to use.
8          MR. GOLDBERG:  He has -- excuse me.
9          THE COURT:  The same -- if it's the same product,
10 different patent, same people, it's probably a good chance;
11 but I don't know that for sure.  That's really up to him, or
12 if it -- the other one sounds a little more doubtful.  But,
13 again, that's not up to me.  Otherwise, I'll see you back, if
14 you haven't.  If you file a motion, we'll see.  Is the
15 motion -- it's not automatic.  I think I've occasionally
16 denied them, at least when it's gone on long enough.
17         MR. GOLDBERG:  It's a factor test, your Honor.
18         THE COURT:  Okay.  Well, we'll see.
19         MR. GOLDBERG:  Will your order include anything
20 about us needing to conduct a 26(f)?
21         THE COURT:  Yes.  Well, I wanted you to file your
22 proposed scheduling.
23         MR. GOLDBERG:  Right.  So we'll have our -- I
24 mean --
25         THE COURT:  Include that.

1    MR. GOLDBERG:  That would be great.
2    THE COURT:  Okay.  Thank you.
3    MR. GOLDBERG:  Thank you, your Honor.
4    MR. MUFFO:  Thank you, your Honor.
5    (Which were all the proceedings heard.)
6              CERTIFICATE
7    I certify that the foregoing is a correct transcript
8    from the record of proceedings in the above-entitled matter.
9    _/s/Sandra M. Tennis_          May 19, 2016
     Official Court Reporter