IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC,<br><br>        Defendant. | Civil Action No. 1:16-cv-01929<br><br>JURY TRIAL DEMANDED |

**DEFENDANT PACIFIC MARKET INTERNATIONAL, LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Defendant Pacific Market International, LLC, ("PMI") denies any and all liability and answers the Complaint of Plaintiff Ignite USA, LLC ("Ignite") as follows:

**NATURE OF ACTION**

**COMPLAINT ¶1:**

This is an action for infringement of U.S. Patent No. 8,360,267, as provided for under Title 35, United States Code §§ 271 *et seq.*

**ANSWER:**

PMI admits that the Complaint purports to be an action for patent infringement. PMI denies that it has infringed any patent or that it is liable to Ignite.

**PARTIES**

**COMPLAINT ¶2:**

Plaintiff Ignite is an Illinois limited liability company with a place of business at 180 North LaSalle Street, Suite 700, Chicago, Illinois 60601. Ignite is engaged, *inter alia*, in the business of designing, developing, manufacturing and selling drinking containers.

**ANSWER:**

PMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and on that basis denies the same.

**COMPLAINT ¶3:**

On information and belief, Defendant PMI is a Washington limited liability company with a principal place of business at 2401 Elliott Ave, 4th Floor, Seattle, Washington 98121.

**ANSWER:**

PMI admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

**COMPLAINT ¶4:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 281 for claims arising under 35 U.S.C. §§ 1 *et seq.*, the Patent Laws of the United States.

**ANSWER:**

PMI admits that this Court has subject matter jurisdiction.

**COMPLAINT ¶5:**

This Court has personal jurisdiction over Defendant PMI because it has purposely availed itself of the laws of the State of Illinois and this judicial district, including as described in paragraphs 7–9 below, which are incorporated by reference herein. Personal jurisdiction is proper here because Defendant has sufficient minimum contacts with Illinois such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Personal jurisdiction over Defendant is further vested in this Court under the provisions of one or more sections of the Illinois Compiled Statutes, 735 ILCS §§ 5/2-201 through 5/2-213.

**ANSWER:**

PMI admits this Court has personal jurisdiction of it in this action. Except as so admitted, PMI denies the remaining allegations of Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

Venue lies in this Court pursuant to 28 U.S.C. § 1391.

26837177v.1

**ANSWER:**

PMI does not challenge venue in the Northern District of Illinois, even though PMI's principal place of business is in the Western District of Washington.

## RELEVANT FACTS

**COMPLAINT ¶7:**

Ignite develops, manufacturers, markets, offers for sale, and sells specialty drinking containers, such as its "West Loop," "Aria," "Astor," and "Sport" products.

**ANSWER:**

PMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and on that basis denies the same.

**COMPLAINT ¶8:**

Defendant has manufactured, marketed, offers for sale, and/or sold a drinking container labeled "Vacuum Insulated Mug[]" at Costco locations in at least this judicial district. Ignite purchased such a product (the "Representative Drinking Container") at a Costco in this district. Among other features, the Representative Drinking Containers advertise that they include a "PUSH-BUTTON LID WITH LEAK-LOCK$^{TM}$." An image of the product purchased by Ignite, is shown below:




3

**ANSWER:**

PMI admits it manufactured, marketed, offers for sale, and/or sold a drinking container labeled "Vacuum Insulated Mug" at Costco locations in at least this judicial district, and that the picture in paragraph 8 appears to be that of the Vacuum Insulated Mug. PMI lacks information sufficient to form a belief as to the truth or falsity of whether "Ignite purchased such a product (the "Representative Drinking Container") at a Costco in this district" and therefore denies the same. PMI denies any remaining allegations in this paragraph.

**COMPLAINT ¶9:**

Defendant has applied for a trademark with the U.S. Patent and Trademark Office, application serial number 86/551,711, for the mark LEAK-LOCK for use with "Beverage containers sold empty, namely, bottles, mugs, tumblers, and water bottles all sold empty."

**ANSWER:**

PMI admits the allegations of Paragraph 9.

**COMPLAINT ¶10:**

On information and belief, Defendant PMI also offers for sale, sells and/or otherwise distributes products with or through various retailers that operate in Illinois and in this judicial district, including, for example, Ace Hardware, Kmart, CVS, Crate and Barrel, Wal-Mart, Rite Aid, Meijer Inc., Costco, and Target, which contain the LEAK-LOCK marked feature.

**ANSWER:**

PMI admits the allegations of Paragraph 10.

## COUNT I
## PATENT INFRINGEMENT (U.S. PAT. NO. 8,360,267)

**COMPLAINT ¶11:**

Ignite hereby charges Defendant with infringement of U.S. Patent No. 8,360,267 in violation of Title 35, United States Code §§ 271 *et seq.*, and realleges by reference Paragraphs 1-9 above.

26837177v.1

**ANSWER:**

PMI admits the Complaint purports to "charge" Defendant with infringement of U.S. Patent No. 8,360,267 (the "267 patent"), but denies that it has infringed the '267 patent or that it has any liability to Ignite. PMI incorporates each of its responses to Paragraphs 1-9 as if fully set forth herein.

**COMPLAINT ¶12:**

U.S. Patent No. 8,360,267 entitled "Drinking container having locking drinking orifice and vent aperture" ("the '267 patent") issued on January 29, 2013. A true and accurate copy of the '267 patent is attached as EXHIBIT A.

**ANSWER:**

PMI admits that Exhibit A to the Complaint purports to be a copy of the '267 patent. PMI denies that the '267 patent is valid or enforceable.

**COMPLAINT ¶13:**

The '267 patent is still in full force and effect, and its claims are presumed valid under the Patent Laws of the United States.

**ANSWER:**

The allegations of this paragraph are legal conclusions which PMI denies. PMI also denies that the claims of the '267 patent are valid or enforceable.

**COMPLAINT ¶14:**

Ignite is the sole owner, by assignment, of the entire right, title and interest in and to the '267 patent.

**ANSWER:**

PMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and on that basis denies the same.

**COMPLAINT ¶15:**

Claim 10 of the '267 patent claims the following invention:

> A locking mechanism for a drinking container having a container body defining a container cavity, and a lid covering the container cavity, the locking mechanism comprising:
> 
>> a stop on the lid;
>> 
>> a button member moveable in a first direction from a first position, where the button member is prevented from being actuated, to a second position about the lid assembly, the button member further being moveable in a second direction when the button is disposed in the second position, the button member having a locking portion thereto, the locking portion being adjacent the stop when the button member is disposed in the first position and,
>> 
>> a manifold, the button member being connected in a sliding engagement to the manifold, the manifold operably operating a seal assembly..

**ANSWER:**

PMI admits that claim 10 of the '267 patent includes the same words as listed in paragraph 15 of the Complaint. PMI denies claim 10 is an "invention."

**COMPLAINT ¶16:**

The Representative Drinking Container described in Paragraph 8 above includes the following elements, as shown in the images below:




6

26837177v.1

PMI admits that paragraph 16 includes a picture of the Vacuum Insulated Mug. PMI denies any remaining allegations of this paragraph.

**COMPLAINT ¶17:**

Defendant has been and still is directly infringing and/or inducing the infringement of at least claim 10 of the '267 patent, either literally or under the doctrine of equivalents, by at least making, using, selling, offering for sale and/or importing for sale in the United States, without license or authority, products covered by the '267 patent, including, for example, the Representative Drinking Containers, such as shown in Paragraph 16 above.

**ANSWER:**

PMI denies the allegations of this paragraph.

**COMPLAINT ¶18:**

Defendant PMI has been provided with actual or constructive of the '267 patent in accordance with 35 U.S.C. § 287(a), and Defendant has continued to infringe the '267 patent.

**ANSWER:**

PMI admits that Ignite provided it a courtesy copy of the Complaint a few days prior to filing same with the Court, but denies that Ignite has valid and enforceable rights in the '267 patent and further denies that PMI ever infringed the '267 patent. PMI denies all other allegations of this paragraph.

**COMPLAINT ¶19:**

Upon information and belief, Defendant's actions complained of herein will continue unless enjoined by this Court.

**ANSWER:**

PMI denies that it has infringed the '267 patent and further denies that Ignite is entitled to any injunctive relief. PMI denies all other allegations of this paragraph.

**COMPLAINT ¶20:**

Ignite has been damaged and irreparably harmed by Defendant infringement of the '267 patent in an amount as yet undetermined, and will continue to be damaged and irreparably harmed by such activities unless Defendant's infringing activities are enjoined by this Court.

**ANSWER:**

PMI denies the allegations of this paragraph.

**COMPLAINT ¶21:**

On information and belief, Defendant's infringement of the '267 patent has been willful, deliberate and intentional.

**ANSWER:**

PMI denies the allegations of this paragraph.

**COMPLAINT ¶22:**

This infringement action is an exceptional case under 35 U.S.C. § 285, and as such Ignite is entitled to an award of reasonable attorney's fees.

**ANSWER:**

PMI denies the allegations of this paragraph.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ignite USA, LLC prays for the following relief:

1. Judgment that Defendant is liable for infringement of the '267 patent.

2. An award of damages to Ignite due to infringement of the '267 patent, pursuant to 35 U.S.C. § 271, including pre-judgment and post-judgment interest, pursuant to 35 U.S.C. § 284.

3. An award of treble damages against Defendant due to its deliberate and willful patent infringement of the '267 patent, pursuant to 35. U.S.C. § 284.

4. That Defendant and its officers, agents, servants, employees, attorneys, and all other persons in active concert and/or participation with them who receive notice, be permanently enjoined and restrained from further infringing the '267 patent, during the remaining term thereof, pursuant to 35 U.S.C. § 283.

5. An order impounding and destroying all of Defendant's products that infringe the '267 patent.

6. That Defendant be directed to file in Court, and to serve on Ignite, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

8

26837177v.1

7. A finding that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding Ignite its costs, disbursements, and attorney fees for this action.

8. That this Court award such other and further relief to Ignite as the Court deems just.

**ANSWER:**

PMI denies that Ignite is entitled to the relief enumerated in Paragraphs 1 through 8 of Ignite's Prayer in its Complaint or to any other relief.

All allegations not specifically admitted or responded to are denied.

### AFFIRMATIVE DEFENSES

Subject to the responses above, PMI asserts the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, and subject to its responses above, PMI specifically reserves the right to allege additional affirmative defenses that become known through the course of litigation.

1. The Complaint fails to state a claim upon which relief may be granted, because among other things, Ignite fails to state facts with sufficient specificity pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the Federal Rules of Civil Procedure.

2. PMI does not infringe and has not infringed (either directly, contributorily, by inducement, jointly, literally or under the doctrine of equivalents or in any other manner) any valid and/or enforceable claim of the '267 patent. For example, PMI does not make, use, sell, offer for sale, or import into the United States any product having each of the features of at least independent claim 10.

3. The prior art known before the alleged invention of the claimed subject matter of the '267 patent and the disclosures of the '267 patent so limit and restrict the scope of any valid

9

claims of the '267 patent, if any exist, that no product made, used, or sold by PMI can be regarded as infringing such claims. Such prior art includes, for example, and without limitation, Albert (U.S. Patent No. 3,972,443, "Albert"), Milian et al. (U.S. Patent No. 6,601,735, "Milian"), Gilbert (U.S. Patent No. 8,360,258, "Gilbert'), Nergard (U.S. Patent No. 4,099,642, "Nergard '642"), Nergard (U.S. Patent No. 4,303,173, "Nergard '173"), Ewald (U.S. Patent No. 3,770,167, "Ewald"), Lipman (U.S. Patent No. 3,422,996, "Lipman"), Lee (U.S. Patent No. 4,057,167, "Lee"), Bilewitz (U.S. Patent No. 6,003,711, "Bilewitz"), Meyer et al. (U.S. Patent No. 8,418,992, "Meyer"), Abplanalp et al. (U.S. Patent No. 3,185,350, "Abplanalp'), Braun (U.S. Patent No. 3,325,054, "Braun"), Kirk (U.S. Patent No. 4,065,036, "Kirk"), Sagarin et al. (U.S. Patent No. 3,050,219, "Sagarin"), Wakeman et al. (U.S. Patent No. 3,722,748, "Wakeman"), Ramis (U.S. Patent No. 3,591,128, "Ramis"), and mugs manufactured in accordance with the designs of Nergard '642 and Nergard '173 and sold prior to the invention claimed in the '267 patent ("Nergard prior art mugs").

4. One or more of the claims of the '267 patent is invalid or void for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 111-113, and 120. For example, and without limitation, at least the following prior art references disclose or would have rendered obvious the features of at least Claim 10 of the '267 Patent: Albert, Milian, Gilbert, Nergard '642, Nergard '173, Ewald, Lipman, Lee, Bilewitz, Meyer, Abplanalp, Braun, Kirk, Sagarin, Wakeman, Ramis, and the Nergard prior art mugs.

5. The alleged invention, design, discovery or improvement purported to be patented in the '267 patent was known or used by others in the United States of America, its territories or possessions, or patented or described in a printed publication before the alleged invention or

discovery thereof by the applicants for the '267 patent, or in public use or on sale more than one year prior to the date of the '267 patent. For example, and without limitation, at least the following prior art references disclose the features of at least Claim 10 of the '267 Patent: Albert, Milian, Gilbert, Nergard '642, Nergard '173, Ewald, Lipman, Lee, Bilewitz, Meyer, Abplanalp, Braun, Kirk, Sagarin, Wakeman, Ramis, and the Nergard prior art mugs.

6. The differences, if any, between the subject matter of the alleged invention, design, discovery or improvement of the '267 patent and the prior art are such that the subject matter as a whole would have been obvious at the time of the alleged invention, discovery or improvement was made to a person having ordinary skill in the art to which the subject matter pertains. For example, and without limitation, at least the following prior art references would have rendered obvious the features of at least Claim 10 of the '267 patent: Albert, Milian, Gilbert, Nergard '642, Nergard '173, Ewald, Lipman, Lee, Bilewitz, Meyer, Abplanalp, Braun, Kirk, Sagarin, Wakeman, Ramis, and the Nergard prior art mugs.

7. Ignite's claims for relief are barred, in whole or in part, by prosecution history estoppel by virtue of the representations, omissions, and/or concessions made to the Patent Office during the prosecution of the application from which the '267 patent issued.

8. Ignite's claim for relief and prayer for damages are limited by 35 U.S.C. § 287.

9. Ignite's assertion of the '267 patent, some or all of its claims, and the relief requested against PMI are barred by the doctrines of waiver, laches, acquiescence, estoppel and/or unclean hands.

10. Ignite's claims are barred, in whole or in part, because it has not suffered detriment, injury or damage.

11

11. If Ignite has suffered any injury or damage, then it has failed to mitigate those damages.

12. Ignite did not plead its claim for willful infringement with sufficient specificity or factual support to put PMI on notice as to the claim being made.

13. Ignite is not entitled to injunctive relief because any alleged injury to Ignite is not immediate or irreparable, and Ignite has an adequate remedy at law for any claims it can prove.

PMI reserves all additional or affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses at law or in equity that may now exists or in the future be available based on discovery and further factual investigation in this case.

WHEREFORE, PMI requests that this Court enter judgment:

A. In its favor and against Ignite, dismiss Ignite's Complaint in its entirety, with prejudice;

B. Declaring and adjudging that PMI has not, and does not, infringe the '267 patent;

C. Declaring and adjudging that all asserted claims of the '267 patent are invalid;

D. Declaring that PMI is a prevailing party and that this is an exceptional case, and awarding PMI its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

E. Awarding PMI all other relief as this Court may deem appropriate.

## COUNTERCLAIMS

1. Counterclaimant Pacific Market International, LLC, ("PMI"), asserts the following counterclaims against Plaintiff and Counter-defendant Ignite USA, LLC ("Ignite" or "Counter-defendant"), and alleges as follows:

26837177v.1

## THE PARTIES

2. PMI is a Washington limited liability company, having a principal place of business at 2401 Elliott Ave, 4th Floor, Seattle, Washington 98121.

3. Based on paragraph 2 of the Complaint, Ignite is an Illinois limited liability company, having a principal place of business at 180 North LaSalle Street, Suite 700, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

4. PMI's Counterclaims arise under 28 U.S.C. §§ 2201 and 2202 and seek declaratory relief and further relief based upon a declaratory judgment or decree. PMI seeks a judicial declaration as to noninfringement and invalidity of U.S. Patent No. 8,360,267 titled Drinking Container Having Locking Drinking Orifice and Vent Aperture ("the '267 patent").

5. This Court has jurisdiction over all counterclaims under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM

### Non-Infringement of '267 Patent

7. As stated in paragraph [0016] of the Complaint, Ignite contends PMI infringes "at least claim 10 of the '267 patent."

8. PMI does not infringe any valid claim of the '267 patent. For example, PMI does not make, use, sell, offer for sale, or import into the United States any product having each of the features of at least independent claim 10.

## SECOND COUNTERCLAIM

### Invalidity of '267 Patent

9. PMI repeats and incorporates herein the allegations of Paragraphs 1-6 of its Counterclaim.

10. At least Claim 10 of the '267 patent is invalid as lacking patentable subject matter, written description, definiteness, novelty, and/or nonobviousness. For example, and without limitation, at least the following prior art references disclose or would have rendered obvious the features of at least Claim 10: Albert (U.S. Patent No. 3,972,443, "Albert"), and Milian et al. (U.S. Patent No. 6,601,735, "Milian"), Gilbert (U.S. Patent No. 8,360,258, "Gilbert"), Nergard (U.S. Patent No. 4,099,642, "Nergard '642"), Nergard (U.S. Patent No. 4,303,173, "Nergard '173"), Ewald (U.S. Patent No. 3,770,167, "Ewald"), Lipman (U.S. Patent No. 3,422,996, "Lipman"), Lee (U.S. Patent No. 4,057,167, "Lee"), Bilewitz (U.S. Patent No. 6,003,711, "Bilewitz"), Meyer et al. (U.S. Patent No. 8,418,992, "Meyer"), Abplanalp et al. (U.S. Patent No. 3,185,350, "Abplanalp'), Braun (U.S. Patent No. 3,325,054, "Braun"), Kirk (U.S. Patent No. 4,065,036, "Kirk"), Sagarin et al. (U.S. Patent No. 3,050,219, "Sagarin"), Wakeman et al. (U.S. Patent No. 3,722,748, "Wakeman"), Ramis (U.S. Patent No. 3,591,128, "Ramis"), and mugs manufactured in accordance with the designs of Nergard '642 and Nergard '173 and sold prior to the invention claimed in the '267 patent ("Nergard prior art mugs").

### RELIEF REQUESTED

Wherefore, PMI respectfully requests the following relief:

1. That the Court denies any relief requested by Plaintiff, and find in favor of PMI on all such claims by Plaintiff;

2. That the Court issues an order and judgment in favor of PMI on PMI's Counterclaims, and award PMI damages as may be shown;

3. That the Court finds that the '267 patent is invalid and not infringed by PMI;

4. That the Court awards PMI its attorneys' fees and costs incurred in responding to the Complaint and defending this litigation and in prosecuting the Counterclaims, including a finding that this case is exceptional under 35 U.S.C. § 285 in PMI's favor; and

5. Such other relief as the Court may deem proper.

Case: 1:16-cv-01929 Document #: 19 Filed: 06/17/16 Page 15 of 17 PageID #:64

**DATED:** June 17, 2016  Respectfully submitted,

PACIFIC MARKET INTERNATIONAL, LLC


By:  */Patrick T. Muffo/*
         One of Its Attorneys

Michael R. Levinson
mlevinson@seyfarth.com
Patrick Muffo
pmuffo@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
Telephone:     (312) 460-5000
Facsimile:       (312) 460-7000

26837177v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    Stephen M. Schaetzel
    Warren J. Thomas
    MEUNIER CARLIN & CURFMAN LLC
    999 Peachtree Street, NE
    Suite 1300
    Atlanta, Georgia 30309
    sschaetzel@mcciplaw.com
    wthomas@mcciplaw.com

    Jonathan M. Cyrluk
    Joshua S. Goldberg
    Steven C. Moeller
    CARPENTER LIPPS & LELAND LLP
    180 North LaSalle Street
    Suite 2640
    Chicago, Illinois 60601
    cyrluk@carpenterlipps.com
    goldberg@carpenterlipps.com
    moeller@carpenterlipps.com

        */Patrick T. Muffo/*
        Patrick Muffo