**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IGNITE USA, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:16-CV-01929 |
| v. | |
| PACIFIC MARKET INTERNATIONAL, LLC, | Honorable Elaine E. Bucklo |
| Defendant. | |

### REVISED REPORT OF THE PARTIES' PLANNING MEETING

In accordance with Fed. R. Civ. P. 26(f), Local Patent Rule 1.2, and the Court's June 23, 2016 minute order (Dkt. 21), the parties submit this revised report of the parties' planning meeting.

1. **Meeting**. Pursuant to FED. R. CIV. P. 26(f), a meeting was held on June 21, 2016 by telephone and was attended by: Stephen Schaetzel, Warren Thomas, and Jon Cyrluk, for the plaintiff; and Michael Levinson and Patrick Muffo, for the defendant. The parties subsequently met and conferred to develop a revised schedule on July 8, 2016.

2. **Initial Disclosures**. The parties will complete the initial disclosures required by Rule 26(a)(1) by July 18, 2016.

3. **Pretrial Schedule**. The parties acknowledge that the requirements of the Local Patent Rules (LPR) apply to this case, except as otherwise provided in the discovery plan and proposed schedule below. As encouraged by the Court, the parties have modified the default timelines provided by the LPR to provide for consolidated claim construction and summary judgment briefing. The parties accordingly propose to the

1

court the following discovery plan in accordance with the Court's instructions, the LPR, and the Federal Rules of Civil Procedure:

| Event | Scheduled Time Per Local Patent Rules | Deadline |
|---|---|---|
| Initial Disclosures Due (LPR 2.1) and Fact Discovery Commences (LPR 1.3) | 14 days after Answer | 7/18/2016 |
| Deadline to amend answer or complaint as of right (FRCP 15) | | 7/18/2016 |
| Initial Infringement Contentions (LPR 2.2) | 14 days after initial disclosures | 8/1/2016 |
| Initial Non-Infringement, Unenforceability and Invalidity Contentions and Associated Document Production (LPR 2.3-2.4) | 14 days after service of initial infringement contentions | 8/15/2016 |
| Initial Response to Invalidity Contentions (LPR 2.5) | 14 days after service of initial invalidity contentions | 8/29/2016 |
| Deadline to seek leave to add parties or amend the pleadings | | 11/7/2016 |
| Final Infringement, Unenforceability and Invalidity Contentions (LPR 3.1); Document Production Accompanying Final Invalidity Contentions (LPR 3.3) | 21 weeks after service of initial infringement contentions | 12/22/2016 |
| Final Non-Infringement, Enforceability and Validity Contentions (LPR 3.2); Last day to seek stay pending reexamination or *inter partes* review (LPR 3.5) | 28 days after service of final infringement/invalidity contentions | 1/6/2017 |

2

| Event | Scheduled Time Per Local Patent Rules | Deadline |
|---|---|---|
| Preliminary Exchange of Proposed Claim Terms to be Construed along with Proposed Constructions (LPR 4.1a) | 14 days after service of Final Contentions under LPR 3.2 | 1/20/2017 |
| Meet and confer to select no more than 10 terms to be presented to Court for construction (LPR 4.1b) | 7 days after exchange of claim terms (4.1b) | 1/27/2017 |
| Exchange preliminary proposed constructions and identify all references to intrinsic and extrinsic evidence (N.D. Cal. PLR 4-1) | 21 days after preliminary exchange of proposed claim terms | 2/17/2017 |
| Close of Fact Discovery | | 4/18/2017 |
| Discovery Concerning Opinions of Counsel (LPR 3.6) | Not subject to discovery until 35 days prior to the close of fact discovery that follows the court's claim construction ruling | 3/14/2017 |
| Initial Expert Reports (LPR 5.1b) | Within 21 days after the claim construction ruling or the close of discovery after the claim construction ruling, whichever is later | 5/9/2017 |
| Rebuttal Expert Reports (LPR 5.1c) | 35 days after initial expert reports | 6/13/2017 |
| Complete Depositions of Experts/Close of Expert Discovery (LPR 5.2) | Completed 35 days after exchange of rebuttal reports | 7/18/2017 |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 28 days after end of expert discovery | 8/15/2017 |

| Event | Scheduled Time Per Local Patent Rules | Deadline |
|---|---|---|
| Second Discovery Period (LPR 1.3) | After the Court enters orders on the parties' dispositive motions, either party may move to resume discovery if additional discovery is necessitated by a claim construction ruling in the orders on the dispositive motions. See LPR 1.3. Upon order of the Court, discovery may resume, and any such discovery shall end 42 days after entry of the order on the parties' dispositive motions. | TBD |
| Case Ready for Trial (LPR Schedule) | 20 weeks (140 days) after filing dispositive motions | 1/2/2018 |

**4. Additional Discovery Plan and Scheduling Items**

a. Discovery will be needed on the following subjects: infringement, invalidity, enforceability, damages.

b. The parties agree that, absent leave of Court, each party will be permitted to take no more than 10 fact depositions, which shall be inclusive of depositions pursuant to Federal Rule of Civil Procedure 30 (b)(6), but exclusive of expert depositions. If either party later determines it needs more depositions, the parties shall confer in good faith. In the event the parties are unable to agree, each party may seek leave from the Court to take additional depositions, upon a showing of good cause. The parties further agree that, absent agreement of the parties and/or leave of Court as necessary, the limitations of the Federal Rules of Civil Procedure shall govern interrogatories, requests for production, requests for admission and all other discovery, including expert discovery.

c. Reports and other disclosures related to experts are due in accordance with the schedule above, based on the Court's Local Patent Rules.

d. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

e. Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C). For further clarity, the parties agree that drafts of expert reports will not be produced.

f. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

g. For purposes of the discovery of electronic files and data, the parties agree that they are governed by the Local Patent Rules for Electronically Stored Information. The parties also agree to confer on matters of electronic discovery to avoid unnecessary disputes.

h. All potentially dispositive motions should be filed within 28 days of the end of expert discovery, in accordance with the Court's Local Patent Rules. This does not preclude a party from moving for summary judgment at an earlier stage of the case if circumstances warrant. The parties understand that the

       Court will not consider a summary judgment motion until the parties have first discussed settlement. Any motion for summary judgment must be accompanied by a statement signed by lead counsel for both parties certifying that they have engaged in good faith settlement efforts.

  i. Final pretrial order: Plaintiff to prepare proposed draft by at least 40 days prior to the final pretrial conference; parties to file joint final pretrial order by at least 25 days prior to the final pretrial conference.

  j. The case should be ready for trial by 20 weeks after filing dispositive motions and, at this time, the trial is expected to take approximately 5 days.

**5. Other Items**

  a. The parties are currently undecided whether the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with the Court's jury instructions. The parties will provide input to the Court on this issue when submitting pre-trial disclosures.

  b. The parties agree that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served via e-mail on each of the other parties, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). Moreover, the parties agree that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E), with the additional time provided by Fed. R. Civ. P. 6(d) applying to e-mail service.

6. **Settlement**. At least 14 days prior to the Rule 16(b) scheduling conference, Plaintiff is directed to make a written settlement demand to the Defendant. At least 7 days prior to the scheduling conference Defendant is to respond in writing to the Plaintiff's settlement demand. The Parties have provided written settlement positions in compliance with the foregoing

7. **Consent**. Parties do not consent unanimously to proceed before a Magistrate Judge.

DATED: July 8, 2016                             Respectfully submitted,

/s/ Warren J. Thomas                            /s/Patrick T. Muffo (with permission)

Stephen M. Schaetzel (pro hac vice)             Michael R. Levinson
GA Bar No. 628653                               Matthew A. Werber
Warren J. Thomas (pro hac vice)                 Patrick T. Muffo
GA Bar No. 164714                               Seyfarth Shaw LLP
MEUNIER CARLIN & CURFMAN LLC                    131 South Dearborn Street
999 Peachtree Street, NE, Suite 1300            Suite 2400
Atlanta, Georgia 30309                          Chicago, IL 60603
Phone: 404-645-7700                             (312) 460-5000
Fax: 404-645-7707                               Fax: (312) 460-7000
sschaetzel@mcciplaw.com                         mlevinson@seyfarth.com
wthomas@mcciplaw.com                            mwerber@seyfarth.com
                                                pmuffo@seyfarth.com
Jonathan M. Cyrluk (ARDC No. 6210250)           *Counsel for Defendant Pacific Market*
Joshua S. Goldberg (ARDC No. 6277541)           *International*
Steven C. Moeller (ARDC No. 6290263)
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street, Suite 2640
Chicago, Illinois  60601
Phone:  312-777-4300 – telephone
Fax:  312-777-4839 – facsimile
cyrluk@carpenterlipps.com
goldberg@carpenterlipps.com
moeller@carpenterlipps.com

*Counsel for Plaintiff, Ignite USA, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 8, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> By: /s/Warren J. Thomas
> One of the Attorneys for Plaintiff Ignite USA, LLC